(Decided 16th June, 1876 )

---

The Gaehle's Piano Manufacturing Company of the City of Baltimore *vs.* Anna Berg, by her husband and next friend, August Th. Berg.

*Construction of certain By-Laws of a Stock company in relation to the rights of a Withdrawing member.*

By the 2nd Article of the By-Laws of a stock company, it was provided that sixty shares of stock might be created, not to exceed in the aggregate $30,000.00 and the value of each share to be $500.00. By the 17th Article, sec. 1, it was provided that after the expiration of the first year of the existence of the corporation a member *might withdraw* and *receive his moneys* by giving the prescribed notice; and by the 2nd section of the same Article, the *repayment* was to take place in such manner that the amount of the *refunding*, was never to exceed the one-eighth part of the aggregate amount of capital paid in. The *payment* of the recalled shares to take place as provided by the 1st section, HELD:

1st. That under said Articles the corporation incurred an obligation to return to a member the amount of shares held by him, upon his notice of withdrawal, when the conditions provided for in the seventeenth Article were complied with.

8        v. 45.

2nd. That in that event he no longer occupied the position of a member of the corporation except for the purpose of receiving his money, but the relation of debtor and creditor supervened between him and the corporation.

3rd. That as such creditor he would be entitled to demand *the money advanced* on his share to the company, not *a dividend upon the funds* of the corporation.

4th. That Article 20 of said corporation providing for the settlement of accounts and dividends with a continuing member, did not apply to such case.

APPEAL from the Court of Common Pleas.

The appellee sued the appellant to recover the amount paid by her for three shares of the stock of the latter, less $700 paid her on account thereof. The claim being based upon the provisions of the charter of the defendant relating to the withdrawal of members.

The plaintiff claimed the right to receive from the company upon withdrawing and complying with the terms of the charter, the whole amount paid for her shares, without any deduction for losses, while the defendant asserted that she was only entitled to receive the reduced value of the shares at the time of the withdrawal, the assets of the company having been greatly reduced by losses.

The following are the Articles of the By-Laws affecting the case :—

### Article 2—*Creation of Stock.*

To attain the above object, the corporation shall have the power to create sixty shares, which shall not exceed the sum of thirty thousand dollars ; the value of each single share shall be five hundred dollars.

### Article 17—*Withdrawal and Refunding.*

Sect. 1. Should a member desire to withdraw from the corporation, such member cannot notify the withdrawal of his share during the term of the first year. After the

Gaehle's Piano Manufacturing Co. *vs.* Berg.

expiration of the first year of the existence of this corporation, such withdrawing member shall receive his moneys, by giving three months notice previous to the payment, and as stipulated in sect. 2 of this Article.

Sect. 2. Should, after the expiration of one or more years, several shares be re-called at one and the same time, then the re-payment shall take place in such a manner that the amount of the refunding shares never exceeds the eighth part of the aggregate amount of paid in capital. The payment of such re-called shares is to take place as provided in sect. 1 of this Article.

*Article* 20 — *Settlements of Accounts and Dividends.*

The settlements of the corporation take place half-yearly, and any profits shall, by the sanction of the Board of Directors, be distributed in dividends to the shareholders, provided that no dividend and interest on capital stock paid in, shall be paid in cash, unless the working capital has reached the sum of thirty thousand dollars. Such dividends and interests shall so long be credited, and bear six per cent. per annum interest.

The *first* and *second* exceptions are omitted.

*Third Exception.*—At the trial the plaintiff offered the two following prayers:

1. That if the jury believe that the plaintiff was the owner and holder of three shares of stock issued by the defendant, as appears by certificates Nos. 14, 27 and 47 ; that on or about the 18th day of June, 1874, she gave a notice to withdraw the same, as required by Article 17 of the constitution of said defendant, offered in evidence; that more than three months elapsed between the giving of such notice and the bringing of this suit, and defendant did not pay plaintiff, then plaintiff is entitled to recover in this action the difference between the amount represented by said certificates and what, if any thing, has been paid plaintiff on account thereof.

2. That if the defendant recognized the plaintiff as a member, and issued to her the certificate 47, for stock mentioned in the declaration, that is evidence from which the jury may find she was a member of the defendant, and that if said two certificates, 14 and 27, were transferred from A. Th. Berg to the plaintiff, in accordance with Article 18 of said constitution, that is sufficient to enable the plaintiff to maintain suit on such certificates.

The defendant offered four prayers. The first and second were withdrawn; the third and fourth were as follows:

3. That the verdict must be for the defendant, because the plaintiff, under the evidence, held but one share in the defendant, which share has been paid.

4. That the plaintiff is not entitled to be allowed for more than the amount of one share, with interest from the 18th day of June, 1874, after deducting therefrom one-third of the seven hundred dollars admitted to have been paid by the declaration.

The Court (GAREY, J.,) granted the prayers of the plaintiff and rejected those of the defendant.

The defendant excepted. The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*Edward Duffy*, for the appellant.

*Thos. R. Clendinen*, for the appellee.

STEWART, J., delivered the opinion of the Court.

The main question in this case depends upon the true construction to be given to the seventeenth Article of the corporation.

The second Article of the corporation provided, that sixty shares of stock might be created, not to exceed, in the aggregate, more than thirty thousand dollars, and the *value* of each share to be five hundred dollars.

By the seventeenth Article, section one, it was provided, that after the expiration of the first year of the existence of the corporation, a member *might withdraw* and *receive his moneys*, by giving the prescribed notice; and by the second section of the same article the *repayment* was to take place in such manner that the amount of the *refunding* shares, were never to exceed the one-eighth part of the aggregate amount of capital paid in; the *payment* of the *recalled* shares to take place as provided by the first section.

Article twenty provided for the settlement of *accounts* and *dividends* with a *continuing member*.

These two Articles provide for different modes of settlement, and properly understood, are not inconsistent; but, according to the theory insisted upon by the appellant, are utterly irreconcilable.

The one providing for a settlement with a *continuing* member, the other with a member *withdrawing*.

It is obvious from the terms and purport of these Articles, and the entire scope and policy of all of them, that the association incurred an obligation to return to the plaintiff the amount of the shares held by her, upon her notice of *withdrawal*, when the conditions provided for in the seventeenth Article were complied with. In that event she no longer occupied the position of a member of the association, except for the purpose of receiving her money; but the relation of creditor and debtor supervened between her and the association, by virtue of this provision.

The language admits of no other sensible construction.

It is, in terms, provided that a member *may withdraw* his *shares*, and *receive his moneys*, not as a distributive portion of the assets of the corporation, after allowance

for profits and losses, but as a creditor, entitled to demand the *money advanced* on the shares to the company. *Withdrawing* and *recalling her shares*, the appellee was entitled to be re-invested with and repaid *her money*,—not a *dividend* upon the funds of the association, to be measured by the amount of her shares, as provided by the twentieth Article.

If such had been the meaning, pertinent language would have been used for that purpose.

It was evidently, the object of the association to induce persons to join it, and advance *their money* the more readily, because of the condition that they might *withdraw* and receive *their money* back, without reference to *profits and losses*. This could not be done until the year had expired; of course the corporation would have the use of the money during that period, and could sustain no loss by the operation, if a member then retired.

It seems the appellee was the owner of three shares, and upon the hypothesis of the facts embraced in the first and second prayers of the plaintiff below, she was entitled to recover, and there was no error in the granting of these prayers, and the rejection of the defendant's prayers.

This conclusion disposes of the case, and the other points made and discussed become immaterial.

*Judgment affirmed.*

(Decided 16th June, 1876.)